UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: : CIVIL ACTION NO.

RALPHAEL MAZZARIELLO : 3:03 CV 971 (SRU)

RULING ON BANKRUPTCY APPEAL

The debtor, Ralphael Mazzariello, appeals from the May 2, 2003 decision of the Bankruptcy Court (Dabrowski, J.) holding that the automatic stay was not reimposed by the debtor's conversion of his bankruptcy from Chapter 7 to Chapter 11. Having determined that the automatic stay was not reimposed, Judge Dabrowski granted the motion by Madison Mini Mart, Inc. ("Madison") for conversion to Chapter 7. For the reasons that follow, this court agrees that the conversion from Chapter 7 to Chapter 11 does not reimpose the automatic stay. Accordingly, the decision and order of the Bankruptcy Court is affirmed.

Background

Mazzariello filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 30, 2002. The filing of that petition stayed the running of the law days in a pending foreclosure action brought by Madison against Mazzariello in state court. Madison's October 7, 2002 motion for relief from stay was granted on November 4, 2002. Three days later, Madison moved to reopen the judgment of strict foreclosure. That motion was granted and new law days beginning December 30, 2002 were set by the state court. On December 3, 2002, Mazzariello moved to convert his Chapter 7 proceeding to a Chapter 11 proceeding; that motion was granted on December 6, 2002. Madison continued to pursue the foreclosure action, and title to the property at issue in the foreclosure action vested in Madison on January 2, 2003.

On March 3, 2003, Madison filed a motion to dismiss the debtor's Chapter 11 petition or convert it to a Chapter 7 proceeding. The property that was the subject of the state foreclosure action was the single asset by which Mazzariello proposed to fund a Chapter 11 plan. If title passed to Madison through the foreclosure action, the Chapter 11 plan would necessarily fail. Mazzariello argued that his conversion of this proceeding from a Chapter 7 to a Chapter 11 case reimposed the automatic stay and precluded Madison from obtaining title to the property at issue through the then-pending foreclosure action. Judge Dabrowski rejected Mazzariello's argument and, on May 2, 2003, granted Madison's motion to convert the petition to a Chapter 7 proceeding. Mazzariello then filed this appeal.

Discussion

The sole issue presented on this appeal is whether or not the debtor was entitled to an automatic stay upon his conversion from Chapter 7 to Chapter 11. The Bankruptcy Court concluded that the conversion did not reimpose the automatic stay of 11 U.S.C. § 362(a). I agree with that conclusion.

The Eleventh Circuit considered this issue in In re State Airlines, Inc., 873 F.2d 264 (11th Cir. 1989) (conversion from Chapter 11 to Chapter 7 does not reimpose automatic stay). In State Airlines, the Court analyzed the language, purpose and legislative history of sections 348 ("Effect of Conversion") and 362 ("Automatic Stay") of the Bankruptcy Code. The Eleventh Circuit held, in pertinent part, that:

> Congress considered the automatic stay provision one of the most important in the Bankruptcy Code. Absent any indication of Congressional intent, we will not assume that Congress meant anything other than what it said. The filing of a *petition* under section 301, 302, or 303 operates as a stay under section 362. A conversion under section 348 does not.

2

State Airlines, 873 F.2d at 268 (italics in original; footnotes omitted).

I find the reasoning of the State Airlines decision persuasive and follow it here. Accordingly, I conclude that the Bankruptcy Court correctly decided that the automatic stay of section 362(a) was not reimposed by the conversion of this case to a Chapter 11 proceeding.

The decision of the Bankruptcy Court is affirmed. The clerk shall enter judgment and close this file.

It is so ordered.

Dated at Bridgeport, Connecticut this 29th day of October 2003.

                                                Stefan R. Underhill
                                                United States District Judge